UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH MATUDIO, an individual,  )<br>  )<br>         Plaintiff,  )<br>  )<br>  v.  )<br>  )<br>COUNTRYWIDE HOME LOANS,  )<br>INC., a New York  )<br>Corporation; RECONSTRUST  )<br>COMPANY, N.A., a California  )<br>corporation,  )<br>  )<br>        Defendants.  )<br>_____ ) | Case No. CV 09-02960 DDP (FFMx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND EXPUNGING LIS PENDENS**<br>[Motion filed on November 20, 2009] |

    This matter comes before the Court on a Motion to Dismiss the First Amended Complaint ("FAC") filed by the Countrywide Home Loans, Inc. and Recontrust Company, N.A. ("Defendants"). After reviewing the materials submitted by the parties and considering the arguments therein, the Court grants the motion and adopts the following Order.

**I.    BACKGROUND**

    This lawsuit, filed by the plaintiff Ruth Matudio ("Plaintiff"), alleges state and federal causes of action arising from a residential mortgage transaction.

On July 20, 2009, the Court granted in part and denied in part a motion to dismiss the complaint filed by Defendants. (Order, Dkt. No. 15.) The Court dismissed (1) Plaintiff's damages claim under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq., as time-barred; (2) Plaintiff's claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(e)-(f), for failure to state a claim; and (3) Plaintiff's quiet title claim for failure to state a claim under Cal. Code Civ. Proc. § 761.020. The Court declined to dismiss Plaintiff's rescission claim under TILA based on the arguments presented by Defendants and therefore declined to dismiss Plaintiff's California Unfair Competition Law ("UCL") claim premised on that violation, Cal. Bus. & Prof. Code §§ 17200 et seq. In addition, the Court granted Plaintiff leave to file an amended complaint.

On November 2, 2009, Plaintiff filed the FAC. In the FAC, Plaintiff pleads five causes of action: (1) rescission under TILA and Regulation Z; (2) damages under TILA; (3) violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607(a); (4)violations of the FDCPA; and (5) a UCL claim for unfair and unlawful business practices.

**II. PROCEDURAL STANDARD: RULE 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint is subject to dismissal when the Plaintiff's allegations fail to state a claim upon which relief can be granted. When considering a 12(b)(6) motion to dismiss for failure to state a claim, "all allegations of material fact are accepted as true and should be construed in the light most favorable to [the] plaintiff." Resnick v. Hayes, 213 F.3d 433, 447 (9th Cir. 2000).

In <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009), the Supreme Court explained that a court considering a 12(b)(6) motion should first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id.</u> Next, the court should identify the complaint's "well-pleaded factual allegations, . . . assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Id.</u>; see also <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief" (internal quotation marks omitted)).

**III. DISCUSSION**

    **A.   TILA: Rescission**

TILA gives a borrower a right to rescind any credit transaction involving a security interest in the borrower's home if the lender fails to make the required disclosures. 15 U.S.C. § 1635. In a transaction subject to TILA's rescission provision, "a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind." 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(b)(1) ("Regulation Z"). After receiving such notice, the borrower has three days in which to rescind the transaction without penalty. 15 U.S.C. § 1635(a). However, if the creditor fails to deliver the required notice, the time limit on the right to rescind is extended from three days to three years. 15 U.S.C. § 1635(f), 12 C.F.R. § 226.23(a)(3).

In opposition to Defendants' motion to dismiss, Plaintiff argues that the time limit on her right to rescind should be extended to three years because she "received only one copy of the Notice of Right to Cancel rather than two copies." (Opp'n 3:17.) However, Plaintiff signed the Notice of Right to Cancel, acknowledging that she in fact received two copies. (FAC ¶ 45, Ex. 6.) Plaintiff fails to plead specific facts showing that the Notice she received was otherwise defective.

Therefore, the Court dismisses Plaintiff's rescission claim with prejudice, as the three-day window in which to rescind the transaction has long since expired.

**B. TILA: Damages**

In its previous Order, the Court dismissed Plaintiff's claim for damages under TILA as time-barred, but granted leave to amend in order to allege a basis for equitable tolling. (Order 10:13-23.) The FAC adds a perfunctory allegation that Defendants' alleged violations only came to light once Plaintiff consulted an attorney. (FAC ¶ 62.) Even if such a statement were true, the fact that the plaintiff failed to discover the alleged TILA violations until she consulted an attorney does not toll the statute of limitations. In order to be entitled to equitable tolling, a plaintiff must establish that "despite all due diligence, [he] is unable to obtain vital information bearing on the existence of his claim." Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000). Plaintiff has failed to plead facts showing that she exercised due diligence in pursuing her claim prior to consulting with her attorney.

Therefore, the Court dismisses Plaintiff's claim for damages under TILA with prejudice.

**C. RESPA**

Plaintiff has added a new claim in the FAC that Defendants have violated RESPA, 12 U.S.C. § 2607, by charging fees that were "unearned, duplicative, unreasonable and unconnected to any actual services performed." (FAC ¶ 65.) However, Plaintiff's RESPA claim is subject to a one-year statute of limitations, which began to run at closing. 12 U.S.C. § 2614; see also Snow v. First Am. Title Ins. Co., 332 F.3d 356, 359 (5th Cir. 2003). The face of the FAC shows that Plaintiff's claim expired in January 2008, and Plaintiff has failed to plead a basis for equitable tolling.

In addition, Plaintiff argues in opposition to Defendants' motion that she is entitled to damages under RESPA, 12 U.S.C. § 2605, because Defendants failed to respond to her qualified written request ("QWR"). (Opp'n 5:14-17.) However, the FAC in fact does not allege that Defendants failed to respond to Plaintiff's purported QWR. Rather, the FAC recites boilerplate law concerning a lender's failure to respond to a QWR, and the purported QWR is attached as an exhibit. (FAC ¶ 68; Ex. 9.) Therefore, Plaintiff has failed to state a claim for a violation of RESPA, 12 U.S.C. § 2605. In light of the detailed written response Defendants sent to Plaintiff, (Defs. Ex. O), a document whose authenticity Plaintiff does not question in her opposition to the motion, the Court finds that permitting Plaintiff to amend this claim would be futile.

Therefore, Plaintiff's cause of action for violations of RESPA is dismissed with prejudice.

**D. FDCPA**

In its prior Order, the Court dismissed Plaintiff's FDCPA claim because she did not allege that either Defendant was attempting to collect on the debt of another. (Order 12:10-15.) The FAC does nothing to correct this deficiency. Because Plaintiff has failed to plead facts showing that Defendants are debt collectors within the meaning of the FDCPA, 15 U.S.C. § 1692(a)(6)(F)(iii), this claim is dismissed with prejudice.

**E. UCL**

Finally, Plaintiff claims that Defendants' business practices are unfair and unlawful under Cal. Bus. & Prof. Code § 17200. In order to state a claim under section 17200, a plaintiff must allege that a defendant engaged in an "unlawful, unfair or fraudulent business act or practice" or "unfair, deceptive, untrue, or misleading advertising." Cal. Bus. & Prof. Code § 17200.

With regard to claims of unlawful business practices, "[v]irtually any law federal, state or local can serve as a predicate for an action" under § 17200. <u>Smith v. State Farm Mut. Auto. Ins. Co.</u>, 113 Cal. Rptr. 2d 399, 414 (Ct. App. 2001). "If a plaintiff cannot state a claim under the predicate law, however, [the] Section 17200 claim also fails." <u>Rudd v. Borders, Inc.</u>, 2009 WL 4282013 at *2 (S.D. Cal. November 25, 2009). Because Plaintiff has failed to state a claim for violations of TILA, RESPA, and the FDCPA, she similarly cannot state a UCL claim premised on those violations.

Plaintiff also claims that Defendants' actions were "unfair" under the UCL because they "offend <u>public policy</u> and are substantially injurious to Plaintiff and all consumers." (FAC ¶ 91

(emphasis in original).) "Unfair" conduct under the UCL is that which "offends an established public policy or . . . is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." Scripps Clinic v. Superior Court, 108 Cal. App. 4th 917, 939 (2003). In "determining whether the challenged conduct is unfair within the meaning of the unfair competition law . . . , courts may not apply purely subjective notions of fairness." Id. at 941. Rather, when Plaintiff's UCL claim alleges unfair conduct in violation of public policy, "the public policy which is a predicate to the action must be 'tethered' to specific constitutional, statutory or regulatory provisions." Id. at 940. Plaintiff's conclusory assertion that Defendants' business practices offend public policy, untethered to any specific constitutional, statutory, or regulatory provision, fails to state a claim for unfair practices in violation of the UCL. Cal. Bus. & Prof. Code § 17200.

Therefore, Plaintiff's UCL claim is dismissed with prejudice.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motion and dismisses each of Plaintiff's claims with prejudice. In addition, the lis pendens on the real property located at 7093 Sales Avenue, West Hills, California 91307, Assessor's Parcel No. 2024-040-015, described as:

> LOT 15 OF TRACT NO. 52580, IN THE CITY OF LOS ANGELES, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1248, PAGE(S) 1 THROUGH 5 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY
>
> EXCEPT FROM LOTS 1 THROUGH 13 INCLUSIVE, LOT 45 THROUGH 53 INCLUSIVE AND PORTIONS OF LOT 14 AND 15 OF SAID TRACT NO. 52580 ALL OIL, GAS PETROLEUM AND OTHER HYDROCARBONS

| | |
|---|---|
| 1 | AND MINERALS, BUT WITHOUT THE RIGHT TO ENTRY TO THE SURFACE OF SAID LAND, AS RESERVED BY THE LOS ANGELES COUNTY FLOOD CONTROL DISTRICT A BODY CORPORATE BY DEED RECORDED AUGUST 24, 1988, AS INSTRUMENT NO. 88-1345779, OFFICIAL RECORDS. |
| 4 | EXCEPT FROM LOTS 16 THROUGH 44 INCLUSIVE AND PORTIONS OF LOTS 14 AND 15 IN TRACT NO. 52580 ALL OIL, GAS, MINERALS, OR OTHER HYDROCARBON SUBSTANCES IN OR UNDER SAID LAND AS RESERVED BY CHARLOTTE LEE BY DEED RECORDED OCTOBER 20, 1950 AS INSTRUMENT NO. 2110 IN BOOK 34614 PAGE 433, OFFICIAL RECORDS, |

recorded in the Los Angeles County Recorder's Office on April 28, 2009 at 2:26 p.m. as Document No. 20090620132 is hereby expunged.

IT IS SO ORDERED.

Dated: January 6, 2010

DEAN D. PREGERSON
United States District Judge